Filed 4/24/25  P. v. Baskett CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084630 |
| v. | (Super.Ct.No. FVA1001189) |
| BRANDON KEITH BASKETT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On July 6, 2011, a jury convicted defendant and appellant Brandon Keith Baskett of murder (Pen. Code, § 187, count 1)[1] and being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 5). The jury additionally found true allegations that he personally used a firearm. (§§ 12022.53, subd. (b), 12022.5, subd. (a).) The court sentenced defendant to a term of imprisonment of 11 years plus 25 years to life.[2] (*People v. Tucker et al.* (July 26, 2013, E054399) [nonpub. opn.]); *People v. Baskett* (May 11, 2021, E073937) [nonpub. opn.]; *People v. Baskett.* (Oct. 26, 2023, E080215) [nonpub. opn.].)

On August 23, 2024, the court held a resentencing hearing pursuant to section 1172.75, due to its receipt of a communication from the California Department of Corrections and Rehabilitation reflecting defendant's potential eligibility for resentencing. The court denied defendant's request to reduce the term imposed for the section 12022.53, subdivision (b) enhancement; the court found that a "reduction [of] the enhancement would endanger public safety, and I find that the defendant is still a violent person who is determined to misbehave."

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case and requesting that we independently review the record for error.

---

[1] All further statutory references will be to the Penal Code.

[2] On November 2, 2022, the court struck defendant's prior prison term enhancement, reducing his determinate term of imprisonment by one year. (*Baskett*, *supra*, E080215)

2

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

FIELDS
J.